# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Morris,<br><br>                     Plaintiff,<br><br>vs.<br><br><br><br>Barack Obama,<br><br>                     Defendant. | CASE NO. 11-cv-2597-MMA (WMC)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL;**<br>[Doc. No. 3]<br><br>*SUA SPONTE* **DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

    Plaintiff Paul Morris, proceeding *pro se*, has filed a complaint [Doc. No. 1], along with a Motion to Proceed in Forma Pauperis ("IFP") [Doc. No. 2] and a Request for Appointment Counsel [Doc. No. 3].

### MOTION TO PROCEED IN FORMA PAUPERIS

    A party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only

1  if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See*
2  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed *in forma pauperis* is a
3  privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).
4  A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I.*
5  *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  But "the same even-handed care must
6  be employed to assure that federal funds are not squandered to underwrite, at public expense,
7  either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in
8  material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).
9  Based on the information provided by Plaintiff in support of his IFP motion, the Court **GRANTS**
10 Plaintiff's motion to proceed *in forma pauperis*.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

12  When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the
13 Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state
14 a claim upon which relief may be granted, or seeking monetary relief from a defendant immune
15 from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)
16 ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").
17  "[W]hen determining whether a complaint states a claim, a court must accept as true all
18 allegations of material fact and must construe those facts in the light most favorable to the
19 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty
20 to liberally construe a *pro se's* pleadings.  *Id.*  In giving liberal interpretation to a *pro se* complaint,
21 however, the court may not "supply essential elements of claims that were not initially pled." *Ivey*
22 *v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  For the
23 reasons set forth below, the Court concludes Plaintiff's complaint does not meet the federal
24 pleading rules and fails to state a claim upon which relief may be granted.
25  Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's
26 complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing
27 entitlement to relief.  Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071
28

1  (9th Cir. 2009).  A complaint should be dismissed for failure to state a claim if, taking all
2  well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief
3  that is plausible on its face."  *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir.
4  2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility
5  when the plaintiff pleads factual content that allows the court to draw the reasonable inference that
6  the defendant is liable for the misconduct alleged."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*,
7  590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

8       Additionally, under Federal Rule of Civil Procedure 10(b), a plaintiff should state "each
9  claim founded on a separate transaction or occurrence" as a "separate count."  Fed. R. Civ. P.
10  10(b).  Rule 10 provides that a "party must state its claims or defenses in numbered paragraphs,
11  each limited as far as practicable to a single set of circumstances."  *Id.*  Upon due consideration,
12  Plaintiff's complaint fails to satisfy the pleading standards of Rule 8(a)(2) and Rule 10(b), and is
13  therefore subject to dismissal.  Plaintiff's complaint consists of a single two-page paragraph,
14  alleging that President Barack Obama ordered cruel and unusual punishment and torture done to
15  him by Jaree Morris.  Plaintiff alleges further that this was ordered because he "in good faith"
16  reported a child rapist, which he had knowledge of because he is a "navigator of the celestial
17  stars."  These claims are not plausible on their face and the factual content alleged do not allow the
18  Court to draw a reasonable inference that Barack Obama is liable for the misconduct alleged. As
19  such, Plaintiff's allegations do not satisfy Rules 8(a)(2) and 10(b).

20       In addition, Plaintiff's complaint is subject to dismissal under Rule 12(b)(6) because it fails
21  to state a claim upon which relief can be granted.  Typically, complaints resembling Plaintiff's are
22  subject to swift dismissal as "frivolous" pursuant to 28 U.S.C. § 1915(e)(2)(B)(1), or its
23  predecessor, 28 U.S.C. § 1915(d).  *See, e.g., Jones v. North Atl. Treaty Org.*, 1998 U.S. Dist.
24  LEXIS 3569, 1998 WL 136511 (E.D. Pa. 1998) (NATO member states allegedly "picked"
25  Plaintiff's head, publicly aired his thoughts and mumblings, and caused him to be besieged by
26  older women); *Mohammed v. Wilson*, 1996 U.S. Dist. LEXIS 14374, 1996 WL 570501 (N.D. Cal.
27  1996) (plaintiff sought two million dollars from the FBI for providing divinely inspired assistance
28

in making high-profile arrests); *Carrasco v. U.S. Gov't. Justice Dep't. Strike Force*, 792 F.Supp. 603 (N.D. Ill. 1992) (government allegedly surgically placed monitoring device in plaintiff's brain to record his dreams for law enforcement agencies and made him an expert for sex therapy); *Chambers v. Couturier*, 1990 U.S. Dist. LEXIS 10919, 1990 WL 121510 (E.D. Pa. 1990) (physician and CIA allegedly conspired to commit murder by inducing plaintiff to hang himself through a telepathic wave process and adulterated medication); *Chambers v. Webster*, 1990 U.S. Dist. LEXIS 7072, 1990 WL 81339 (E.D. Pa. 1990) (officials of CIA, Secret Service, Justice Department, Nuclear Regulatory Commission, state prison system and an another inmate allegedly conspired to harass plaintiff by means of electroshock therapy, telekinesis, voice synthesizers, hypnotism, mental telepathy, and cybernetics).

Here, Plaintiff's complaint similarly appears to be based solely upon matters, which, in the language of the Supreme Court, are "so attenuated and unsubstantial as to be absolutely devoid of merit." *Neitzke v. Williams*, 490 U.S. at 327, n. 6 (1989) (unanimous decision) (patently insubstantial complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction). As such, his complaint is subject to dismissal.

When a court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment" in this case, dismissal shall be with prejudice. *Franklin v. Murphy*, 245 F.2d 1221, 1228 n.9 (9th Cir. 1984).

### CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS** as follows:

(i) The Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2];

(ii) The complaint is **DISMISSED WITH PREJUDICE** *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. The Clerk of Court is instructed to terminate the action.

      (iii)    The Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel. [Doc. No. 3.]

      **IT IS SO ORDERED**.

DATED: November 10, 2011

                                    Hon. Michael M. Anello
                                    United States District Judge